**SO ORDERED.**

**SIGNED this 28 day of February, 2014.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

DANNY L. MORTON,                    CHAPTER 7
LEONA MORTON,                       CASE NO. 13-06090-8-RDD

    DEBTORS

### ORDER GRANTING MOTION TO CONVERT TO CHAPTER 13 PROCEEDING

Pending before the Court is the Motion to Convert a Case under Chapter 7 to a Case under Chapter 13 filed by Danny L. Morton and Leona Morton (the "Debtors") on December 12, 2013 and the Trustee's Objection on Motion to Convert a Case under Chapter 7 to a Case under Chapter 13 filed by the Chapter 7 Trustee (the "Trustee") on December 16, 2013.  The Court conducted a hearing on February 11, 2014, in Greenville, North Carolina to consider this matter.

The Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on September 27, 2013. On that same date, the Debtors filed their Schedules. The Section 341 Meeting of Creditors (the "Meeting of Creditors") was conducted on October 29, 2013.  Prior to the Meeting of Creditors, the Debtors submitted bank statements covering the ninety days prior to the petition date to the Trustee, as requested.  At the Meeting of Creditors, the Trustee notified the Debtors that

the bank statement for the month of August, 2013 was missing and that it appeared the Debtors had instead filed the August, 2012 bank statement. The Trustee requested that the Debtors submit the correct bank statement to his office. The Debtors complied. Upon review of the August, 2013 bank statement, the Trustee discovered a deposit in the amount of $4,200.00 made on August 5, 2013 by "Proud Veterans L". The August, 2012 bank statement did not show any such deposit.

At the hearing, the male debtor explained that he mistakenly sent the August, 2012 bank statement to his attorney. Counsel for the Debtors represented that he did not notice that the Debtors had submitted the incorrect bank statement and inadvertently sent the August, 2012 bank statement to the Trustee's office. Based on the deposit, it now appears the Debtors' income may result in a presumption of abuse pursuant to 11 U.S.C. § 707(b)(2).

At the hearing, the male debtor testified he has been employed as a project manager with Diamond Glazing since April of 2013. He testified that "Proud Veterans L" was one of his previous employers. "Proud Veterans L" hired him pursuant to an informal agreement whereby he was to build doors on a single project. He testified that the "Proud Veterans L" deposit in the amount of $4,200.00 was payment for the work he did on that project. The male debtor testified that he did not have the ability to do all of the work required on the project so he hired other subcontractors to help on the project and paid them in cash. He testified that he withdrew $2,500.00 from his bank account on August 9, 2013, to purchase supplies for the project.

The Trustee represented that he has concerns with various transactions shown on the Debtors' bank statements. The Trustee filed a Motion for Examination of Debtors Pursuant to Bankruptcy Rule 2004, to further investigate the Debtors' acts, conduct, property, liabilities, and financial condition. The Court entered the Order Granting Trustee's Motion for Examination of

Debtors Pursuant to Bankruptcy Rule 2004 on January 27, 2014. As of the hearing date, the Trustee's investigation was ongoing.

Section 706(a) of the Bankruptcy Code provides that a debtor may convert a case under Chapter 7 to a "case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title." 11 U.S.C. § 706(a). The Court may deny the motion to convert to Chapter 13 if the debtor's bad faith or conduct would disqualify the debtor from Chapter 13 relief. *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 370-76 (2007).

Based on the representations made at the hearing, the Court finds the Debtors have shown by a preponderance of the evidence that the bankruptcy filing was made in good faith. The male debtor testified he submitted the August, 2012 bank statement by mistake. Counsel for the Debtors affirmatively indicated that he made that same mistake when he submitted the August, 2012 bank statement to the Trustee's office. Therefore, the Motion to Convert a Case under Chapter 7 to a Case under Chapter 13 is **GRANTED**. The Debtors have fourteen (14) days from the entry of this order to amend their Schedules and file a Chapter 13 plan. The first payment due under the plan shall be March 1, 2014. Going forward, the Chapter 13 proceeding shall not be dismissed by the Debtors or by the Trustee. Should the Debtors fail to make their plan payments, the sole remedy shall be conversion back to a Chapter 7 proceeding. In the event this case is converted back to a Chapter 7 proceeding, John C. Bircher, III shall be reappointed as Chapter 7 Trustee.

      **SO ORDERED**.

**END OF DOCUMENT**